UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD MILES,

          Plaintiff,

    v.

VAN VLECK,

          Defendants.

Case No. 25-cv-08218-EMC

**ORDER GRANTING MOTION TO DISMISS**

Docket No. 31

Before the Court is Defendants' Motion to Dismiss Plaintiff Reginald Miles' second amended complaint. Plaintiff, proceeding pro se, filed this action on September 26, 2025, alleging an improper arrest by Defendant Van Vleck, a City of Healdsburg police officer. The Court granted Defendants' Motion to Dismiss for Plaintiff's failure to plead the factual allegations supporting his claims. Dkt. No. 29. Dismissal was with leave to amend and Plaintiff amended on December 31, 2025. Dkt. No. 30 ("SAC").

In his SAC, Plaintiff alleges that on June 5, 2025, he was a passenger in a parked car in a parking lot in the City of Healdsburg. SAC ¶ 6. When he exited the car with the driver, Officer Van Vleck activated patrol lights and engaged the driver. *Id.* ¶ 7. The driver handed Plaintiff the keys to the car. *Id.* ¶ 8. Plaintiff then apparently left the scene. Approximately seventeen minutes later, Officer Van Vleck and other officers approached Plaintiff in a restroom stall with weapons drawn and arrested him. *Id.* ¶ 9. Plaintiff was booked on charges of felony resisting arrest and fleeing a traffic stop, with bail set at $11,000. *Id.* ¶ 11. He was released after spending several hours in custody and the charges were dismissed. *Id.* ¶ 12, 16; Ex. A. Plaintiff filed a tort claim with the City based on unlawful detention. *Id.* ¶ 14; Ex. B. The claim was denied. *Id.* ¶ 15; Ex. C. Plaintiff brings a Section 1983 claim against Officer Van Vleck for violations of various constitutional rights, as well as a *Monell* claim against the City for these same violations. *Id.* at

p.6. Defendants move to dismiss for failure to state a claim. Dkt. No. 31. Plaintiff has not filed an opposition. Dkt. No. 33.

A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'" *Erickson*, 551 U.S. at 94. However, the Court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). A motion to dismiss may be granted based on the plaintiff's failure to oppose. *See e.g.*, *Ayman Issa Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016).

As an initial matter, Plaintiff does not plead any facts that could support a claim for violation of the Fifth, Sixth, or Fourteenth Amendment. His claims solely concern an alleged arrest without probable cause – a claim in the domain of the Fourth Amendment.

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). Probable cause is measured by an objective standard based on the information known at the time to the arresting officer. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). To determine whether an officer had probable cause for an arrest, courts "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021). That charges are later dismissed does not in itself show an absence of probable cause. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

Here, Plaintiff has not pled enough facts to allow the Court to conduct the probable cause

United States District Court
Northern District of California

analysis required under the Fourth Amendment. Plaintiff pleads that he was a passenger in a parked car immediately before the arrest but does not describe the events that occurred before the car was parked. Similarly, Plaintiff makes the conclusory pleading that his arrest was "without probable cause," but does not provide the officer's asserted basis for making the arrest. Without this information, the Court cannot assess whether the plaintiff has plausibly stated the arrest was not objectively reasonable based on the information known to the officer. Plaintiff's bare assertion that the arrest was without probable cause and the fact that the charges were subsequently dismissed are also not sufficient to show a lack of probable cause. Plaintiff has failed to state a claim under the Fourth Amendment absent additional allegation about the circumstances regarding the incident.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). On amendment, Plaintiff may be able to plead in greater detail the circumstances leading up to the arrest, such that the Court would be able to find that Plaintiff plausibly alleged an arrest without probable cause. It is true that the Court's prior dismissal order instructed plaintiff to provide "all of the facts that support Plaintiff's claim" but Plaintiff may not have understood the legal significance of providing the full circumstance of the arrest. Leave to amend is therefore **GRANTED**. *See Castillo v. City of San Jose*, No. 24-cv-00701-SVK, 2025 U.S. Dist. LEXIS 90258, at *10 (N.D. Cal. May 12, 2025) ("[D]istrict courts regularly give pro se litigants a second or third bite at amendment before determining that further attempts would be futile."). Any amended complaint shall be filed by **March 18, 2026**.

　　　　**IT IS SO ORDERED**.

Dated: 2/18/2026

_____
EDWARD M. CHEN
United States District Judge

3