UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD MILES, | Case No. 25-cv-08218-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| VAN VLECK, et al., | |
| Defendants. | Docket No. 40 |

Before the Court is Defendants the City of Healdsburg and Officer Van Vleck's motion to dismiss Plaintiff Reginald Miles' Third Amended Complaint. Dkt. No. 40. Defendants previously brought two motions to dismiss Plaintiff's Section 1983 claim for arrest in violation of the Fourth Amendment. The Court granted both motions, each time providing Plaintiff, who is proceeding pro se, with leave to amend to better allege the facts underlying his claim. Dkt. No. 29, 36. Defendants now concede that Plaintiff has alleged sufficient facts to state a Section 1983 claim against the officer who arrested him and do not move to dismiss this claim. Dkt. No. 40 at 3. Defendants move to dismiss only Plaintiff's *Monell* theory of liability against the City.

To establish municipal liability under *Monell*, Plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Lockett v. Cty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020). *Monell* claims may sometimes proceed based on a single decision where that decision is made by a policymaking official "responsible for establishing final government policy respecting such activity." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). But "the unconstitutional discretionary actions of municipal employees generally are not chargeable to the municipality under section 1983."

*Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992).

Here, Plaintiff fails to make more than conclusory allegations that his false arrest resulted from an official policy, custom, or failure to train.  He points to no official policy or custom of the City other than the fact that "multi-occupant vehicle stops are routine."  Dkt. No. 39 at 7.  And he identifies no policymaking official responsible for the City's final policy on vehicle arrest who ratified his arrest; rather Plaintiff alleges only that unspecified "[s]upervisory personnel reviewed and approved the arrest without corrective action."  *Id.*  Plaintiffs also identifies no other similar incidents that might indicate a pattern by the City.  Plaintiff has failed to state a claim under a *Monell* liability theory.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Valdez v. Naderi*, No. 24-cv-01087, 2024 U.S. Dist. LEXIS 173962, 2024 WL 4309276, at *5-6 (N.D. Cal. 2024) (dismissing *Monell* allegations as "completely threadbare and conclusory" where the complaint "d[id] not contain specific factual allegations supporting the existence of a policy, custom, or practice beyond Plaintiff's own experience").

Plaintiff has at this point had three chances to allege his complaint.  The Court finds that further amendment on the *Monell* claim would be futile.  Dismissal is therefore **with prejudice** as to the *Monell* theory.

**IT IS SO ORDERED**.

Dated: 3/16/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

2